# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**CARL SHAFFER WILLIS**                                                              **PLAINTIFF**

**v.**                                    **No. 1:13CV00058-JM-JJV**

**CAROLYN W. COLVIN, Acting Commissioner,**
**Social Security Administration**                                         **DEFENDANt**

### Instructions for Recommended Disposition

The following recommended disposition was prepared for U.S. District Judge James Moody.  A party to this dispute may object to this recommendation in writing.  An objection must be specific and state the factual and/or legal basis for the objection.  An objection to a factual finding must identify the finding and the evidence supporting the objection.  Objections must be filed with the Clerk of the Court no later than 14 days from the date of this recommendation.[1]  The objecting party must serve the opposing party with a copy of an objection.  Failing to object within 14 days waives the right to appeal questions of fact.[2]  If no objections are filed, Judge Moody may adopt the recommended disposition without independently reviewing the record evidence.  An objecting party who seeks to submit new, different, or additional evidence, or to obtain a hearing for that purpose, must address the following matters as part of written objections: (1) why the record before the

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

magistrate judge was inadequate, (2) why the evidence was not presented to the magistrate judge, and (3) details and/or copies of any testimony and/or documents to be proffered at a hearing.  Based on this submission, Judge Moody will determine the need for a hearing.

<u>Recommended Disposition</u>

Carl Shaffer Willis seeks judicial review of the denial of his application for disability insurance benefits (DIB) and supplemental security income (SSI).[3]  Willis's last reported earnings flowed from his job at a California tire store, repairing flat tires and changing tires.[4]  Willis lost that job in 2005, because he was late for work.[5]  It's unclear what he did in the interim, but he moved to Arkansas in 2010 to live with his mother.[6]  He then applied for disability benefits.  He bases disability on back and neck pain.[7]

**The Commissioner's decision**.  After considering the application, the Commissioner's ALJ determined Willis has a severe impairment — musculoskeletal pain[8] — but he can do medium work,[9] to include his past work as a welder fitter and a welder

---

[3]SSA record at pp. 125 & 132.

[4]*Id*. at pp. 67, 161, 166 & 169-70.

[5]*Id*. at pp. 34 & 214.

[6]*Id*. at p. 32.

[7]*Id*. at pp. 36, 160, 174, 181-82 & 191.

[8]*Id*. at p. 14.

[9]*Id*. at p. 15.

repairer.[10]  Because a person who can do his past work is not disabled,[11] the ALJ denied the application.

After the Commissioner's Appeals Council denied a request for review,[12] the ALJ's decision became a final decision for judicial review.[13]  Willis filed this case to challenge the ALJ's decision.[14]  In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[15]  This recommendation explains why substantial evidence supports the decision and why the ALJ made no legal error.

**Willis's allegations**.  Willis complains about the ALJ's development of the medical

---

[10]*Id*. at p. 19.

[11]20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) ("If you can still do your past relevant work, we will find that you are not disabled.").

[12]SSA record at p. 1.

[13]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[14]Docket entry # 1.

[15]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

evidence.  He contends the ALJ should have ordered a consultative mental evaluation because he testified that he is depressed.  He claims back pain prevents him from doing his former welding jobs.  For these reasons, he maintains substantial evidence does not support the ALJ's decision.[16]

For substantial evidence to support the decision, a reasonable mind must accept the evidence as adequate to show Willis can do medium work, to include his past welding jobs.  "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."[17]  In reviewing for substantial evidence, the Court must determine whether medical evidence supports the ALJ's determination about Willis's ability to work; Willis's subjective allegations are not enough to prove he is disabled.[18]

Medical evidence.  To receive DIB, the claimant must show he was disabled before his insured status expires.[19]  Willis's insured status expired on March 31, 2007.[20]  Willis cannot show he was disabled before his insured status expired because there is no medical

---

[16]Docket entry # 12.

[17]20 C.F.R. §§ 404.1567(c), 416.967(c).

[18]*Flynn v. Astrue*, 513 F.3d 788, 792 (8th. Cir. 2008); *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003).

[19]*See* 42 U.S.C. §§ 416(i), 423(c). *See Pyland v. Apfel*, 149 F.3d 873, 877 (8th Cir. 1998) ("In order to receive disability insurance benefits, an applicant must establish that she was disabled before the expiration of her insured status." ).

[20]SSA record at p. 156.

evidence prior to March 31, 2007.  As a result, the ALJ did not err in denying the application for DIB.

The expiration of insured status does not end the Court's review because Willis might qualify for SSI.  Because SSI isn't payable prior to the date of application, Willis must prove he was disabled as of, or after, applying for disability benefits;[21] that is, he must prove he was disabled as of, or after, December 1, 2010.[22]

When he applied for SSI, Willis's medical treatment consisted of a March 2010 emergency room visit for cellulitis.[23]  The ALJ responded by ordering a physical examination.[24]  The examiner diagnosed musculoskeletal back pain and reported "no significant restrictions."[25]  Two agency medical experts reviewed the medical evidence and determined Willis lacks a severe impairment.[26]  Thus, at the time of the application — five years after Willis alleges he was disabled — the medical evidence showed no severe impairment.

Willis maintains the ALJ should have also ordered a mental evaluation, but he did

---

[21]20 C.F.R. § 416.335; *Cruse v. Bowen*, 867 F.2d 1183, 1185 (8th Cir. 1989).

[22]SSA record at pp. 125 & 132.

[23]*Id*. at p. 286-87.  The record also includes an emergency room visit for a laceration on the right arm, but that evidence is remote to the SSI application date.  *See id*. at p. 293-95.

[24]*Id*. at p. 238.

[25]*Id*. at p. 242.

[26]*Id*. at pp. 246 & 249.

not base disability on mental impairment.  He reported no mental limitations in his agency

questionnaires.[27]  He has never sought nor received mental health treatment.  When asked

why he cannot work, Willis identified back and neck pain.[28]  His testimony about depression

implicated no severe mental impairment.[29]  To the extent he may rely on testing done by his

attorney's neuropsychologist,[30] the ALJ properly rejected the resulting opinion because it

was based on unsubstantiated, subjective reports.  No need existed for a mental evaluation

---

[27]*Id*. at pp. 160, 179 & 198.

[28]*Id*. at p. 36.

[29]The testimony consisted of the following colloquy:

| | |
|---|---|
| Attorney: | Okay.  Are you depressed? |
| Willis: | Yes. |
| Attorney: | Why do you say that? |
| Willis: | Because I don't know what I'm going to do.  I don't know – I don't' know where I'm going to turn.  A lot of thoughts go through my brain nowadays, but I try to fight them off. |
| Attorney: | What thoughts? |
| Willis: | Living. |
| Attorney: | That means, like, I feel that I have no purpose here on Earth anymore.  I wonder why I'm in this position.  It's just depressing. |

*Id*. at pp. 57-58.

[30]*Id*. at p. 251.  When the examiner asked about memory, Willis reported problems with remembering, *id*., but he reported no problems when he applied for disability benefits, *id*. at pp. 179 & 198.

because neither the allegations nor the evidence implicated a severe mental impairment.[31]

The ALJ did not err in developing the record.[32]

   After applying for disability benefits, Willis sought medical treatment for back pain

only once.[33]  At that time, he had a decreased range of motion.  The doctor's exam ruled out

a herniated disc.[34]  The doctor prescribed a few medications, primarily a nonsteroidal

anti-inflammatory drug.[35]  Willis never returned.  A reasonable mind would interpret the

failure to return to mean that Willis's back pain was controlled with treatment.  "An

impairment which can be controlled by treatment … is not considered disabling."[36]

Logically, if Willis's pain was as severe as he claims, he would seek treatment.

   The only other time Willis sought treatment was for a broken finger after an accident

---

   [31]*Byes v. Astrue*, 687 F.3d 913, 916 (8th Cir. 2012) ("If sufficient evidence alerts the ALJ to the possibility of a severe mental impairment, the ALJ must further develop the record about mental impairments before ruling on the severity of the claimant's impairment(s).").

   [32]*Accord Hensley v. Barnhart*, 352 F.3d 353, 357 (8th Cir. 2003) ("The mere fact that [the claimant] has been prescribed antidepressants on at least one occasion is not enough to require the ALJ to inquire further into the condition by ordering a psychological evaluation."); *Matthews v. Bowen*, 879 F.2d 422, 424-25 (8th Cir. 1989) (ALJ did not err in evaluating claimant's psychological complaints without ordering a consultative exam; claimant never based disability on mental impairment; she only testified that she suffers from "nerves" and her doctor prescribed an anti-depressant medication; neither consultative physician noted any anxiety during their examinations).

   [33]SSA record at p. 301.

   [34]*Id.* (negative straight leg raise).

   [35]*Id.* at p. 304.

   [36]*Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

with a table saw.[37]  Willis made a full recovery.  "He can pick his french fries up.  He has full motion.  He is quite satisfied."[38]  He can bend his finger down to his palm.  "He is neurovascularly intact."[39]  A reasonable mind would accept the medical evidence as adequate to support the ALJ's decision because Willis sought no medical treatment for the back and neck pain forming the basis of his claim, and because the medical evidence shows nothing preventing Willis from lifting 50 pounds or frequently lifting/carrying 25 pounds.

**Vocational evidence**.  In the past, Willis worked as a welder fitter and a welder repairer.[40]  A vocational expert classified those jobs as medium work.[41]  A reasonable mind would accept the vocational evidence as adequate to show Willis can do his former welding jobs because he can do medium work and his former jobs were medium jobs.

**Conclusion and recommendation**.  Substantial evidence supports the ALJ's decision.  The ALJ made no legal error.  For these reasons, the undersigned magistrate judge recommends DENYING Willis's request for relief (docket entry #2) and AFFIRMING the Commissioner's decision.

---

[37]SSA record at p. 39.

[38]*Id*. p. 306.

[39]*Id*.

[40]*Id*. at pp. 64-67 & 214.

[41]*Id*. at pp. 66-67.

DATED this 23rd day of April, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE